**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ELIZABETH CORONADO FRANCISCO,<br><br>                Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 11-70169<br><br>Agency No. A072-441-852<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Elizabeth Coronado Francisco, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

her second motion to reopen removal proceedings. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Francisco's motion as untimely and number-barred, where the successive motion was filed more than thirteen years after her removal order became final, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of final order of removal), and her possible eligibility for a new form of relief is not an exception to the filing requirements or time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3) (listing exceptions); *see also Ocampo v. Holder,* 629 F.3d 923, 928 (9th Cir. 2010). It follows that Francisco's due process claim fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation); *Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

We lack jurisdiction to review the BIA's discretionary decision to not reopen removal proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-70169